**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-40585

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

MARK ERVIN THIBODEAUX,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas

---

May 8, 2000

Before WIENER, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

The Government appeals the sentence imposed on Mark Ervin Thibodeaux following a guilty plea conviction. We dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

Thibodeaux pleaded guilty pursuant to a written plea agreement to one count of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). Initially, the Government believed that two of

1

Thibodeaux's prior convictions had occurred on the same date and counted as a single conviction. Based on that understanding, the plea agreement stated that Thibodeaux faced a possible maximum sentence of ten years in prison. The Government subsequently determined that the two convictions had occurred on different dates and contended that Thibodeaux should be sentenced to the mandatory fifteen year sentence provided in § 924(e)(1), irrespective of the plea agreement. The district court, disagreeing with the Government, sentenced Thibodeaux to ten years' imprisonment and three years' supervised release.

## II. APPROVAL FOR GOVERNMENT'S APPEAL OF SENTENCE

The Government appealed Thibodeaux's sentence. The Government may file a notice of appeal for review of an otherwise final sentence if, *inter alia,* the sentence was imposed in violation of law or was imposed as a result of an incorrect application of the sentencing guidelines. *See* 18 U.S.C. § 3742(b). However, "[t]he Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." *See id.* Thibodeaux contends that this appeal should be dismissed because the Government has not demonstrated that it has the requisite authority to further prosecute this appeal. Although afforded an opportunity to file a reply brief after this issue was raised, the Government has not responded to Thibodeaux's § 3742(b)

2

concerns by briefing the issue or by including in the record proof that it has in fact received authority to further prosecute the appeal.

This circuit has not stated expressly that the Government must demonstrate compliance with, or include in the record on appeal proof of compliance with, § 3742's approval requirement. The circuits which have addressed the issue have not spoken with one voice concerning when or how the Government must document § 3742 approval. *Compare, e.g.*, *United States v. Smith*, 910 F.2d 326, 328 (6th Cir. 1990)(holding that, while approval is not jurisdictional, in the exercise of its supervisory authority the Sixth Circuit requires written proof of compliance dated not later than notice of appeal and filed not later than filing of the brief to avoid dismissal) *with United States v. Petti*, 973 F.2d 1441, 1446 n.9 (9th Cir. 1992)(holding that written proof of authorization submitted with Government's reply brief was sufficient to avoid dismissal of appeal) *and United States v. Hendrickson*, 22 F.3d 170, 172 n.1 (7th Cir. 1994)(stating that § 3742(b)'s requirement is not jurisdictional and that the court would not be divested of jurisdiction if the Government failed to secure § 3742(b) approval for appeal).

Section 3742 creates a comprehensive system for appellate review of sentences. S. REP. NO. 98-225, at 155 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3338. Congress designed the statute to

3

focus the appellate courts' attention on those sentences for which review is crucial to the proper functioning of the sentencing guidelines and to provide a means to correct erroneous and clearly unreasonable sentences. *Id.* Congress determined that government appeals of sentences below the applicable guideline range were necessary to this system. Congress found:

> If only the defendant could appeal his sentence, there would be no effective opportunity for the reviewing courts to correct the injustice arising from a sentence that was patently too lenient. This consideration has led most Western nations to consider review at the behest of either the defendant or the public to be a fundamental precept of a rational sentencing system, and the Committee considers it to be a critical part of the bill's sentencing structure. The unequal availability of appellate review, moreover, would have a tendency to skew the system, since if appellate review were a one way street, so that the tribunal could only reduce excessive sentences but not enhance inadequate ones, then the effort to achieve greater consistency might well result in a gradual scaling down of sentences to the level of the most lenient ones. Certainly the development of a principled and balanced body of appellate case law would be severely hampered.

*Id.* at 151, 1984 U.S.C.C.A.N. at 3334. Congress imposed the restriction at issue in the present case in order to assure that appeals are not routinely filed for every sentence below the guidelines. *Id.* at 154, 1984 U.S.C.C.A.N. at 3337; *see also United States v. Long*, 911 F.2d 1482, 1484 (11th Cir. 1990). The language of the statute does not mention that the approval must be in writing or that approval must be filed in the record of the case on appeal.

When presented with the appropriate case, this circuit may

4

well choose to exercise its supervisory authority to set out requirements of timing or form to guide the government in demonstrating its compliance with § 3742(b). However, we decline to develop any bright-line rules in a case in which the Government wholly defaulted the question. The Government failed to respond, either factually or legally, to Thibodeaux's contention that the appeal should be dismissed for failure to comply with the dictates of § 3742. It has long been the rule in this circuit that any issues not briefed on appeal are waived. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even though lack of Justice Department authority to appeal is an issue raised by the appellee as an affirmative defense to the Government's appeal, that rule nonetheless informs our decision in this case. Because there is no evidence that the Government ever received § 3742 approval for this appeal, no statement by the Government that it sought or received approval and no analysis that might form the basis for determining that approval was not necessary in spite of the mandatory language of the statute, we dismiss this appeal.

APPEAL DISMISSED.