United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals
for the Fifth Circuit

_____

N⁰ 05-30677
Summary Calendar

_____

Vivian O. Piper,

Plaintiff-Appellant,

VERSUS

Ann Veneman,
Secretary, United States Department of Agriculture,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
N⁰ 2:04-CV-960

_____

Before Smith, Garza, and Prado,
Circuit Judges.

Per Curiam:[*]

Vivian Piper appeals a summary judgment in favor of her employer, the Department of Agriculture ("USDA"), on her claims of employment discrimination under title VII,

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be pub- (continued...)

[*](...continued)
lished and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

42 U.S.C. § 2000e *et seq*. We affirm.

I.

When she filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC"), Piper, a fifty-four-year-old black woman, had been employed at the National Finance Center ("NFC"), a division of the United States Department of Agriculture ("USDA"), for twenty-nine years and held the position of Lead Systems Accountant. After exhausting available administrative remedies on her employment discrimination claims, Piper sued the USDA. On the USDA's motion, the district court dismissed, on timeliness grounds, the claims asserted in the initial complaint. Piper, however, had filed an Amending and Supplemental Complaint asserting additional claims that were ripe for federal court review; those claims thus survived the motion to dismiss.

In her Amending and Supplemental Complaint, as clarified by her Second Amending and Supplemental Complaint, Piper alleges she was denied the opportunity to compete for a temporary position as Supervisory Systems Accountant, subsequently was not selected for a promotion to the permanent position of Supervisory Systems Accountant, and was removed from the Leave Donor Program[1] on account of age, sex, and race and in retaliation for her history of filing complaints with the EEOC. She accordingly asserts that the USDA violated title VII when it took the

relevant actions.[2]

The USDA moved for summary judgment, arguing that, on each of her claims, Piper had not presented evidence sufficient to support a finding of discrimination. The USDA asserts that Piper was declared ineligible to apply for the temporary Supervisory Systems Accountant position because she was employed outside the area of consideration, and further notes that she suffered no disparate treatment in this regard because all employees outside the area of consideration were deemed ineligible to apply.[3]

The USDA argues that Piper was not selected for the permanent promotion to Supervisory Systems Accountant because Dennis Jack, the selectee, was the most qualified

---

[1] The Leave Donor Program is offered to NFC employees who meet certain criteria and who have exhausted their sick and voluntary annual leave. The program allows participants to receive additional days of paid leave through the donations of voluntary annual leave by other employees.

[2] Although she alleges age discrimination, Piper does not claim a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. She bases her claims solely on title VII, which does not list age as a protected characteristic. Accordingly, we do not consider Piper's allegations of age discrimination with regard to the USDA's determination that she was ineligible to apply for the temporary Supervisory Systems Accountant position, its failure to select her for a permanent promotion, or its removal of her from the Leave Donor Program.

[3] The temporary position, as officially advertised, limited eligibility—albeit mistakenly—to employees within the Controller Operations Division ("COD") of the NFC; Piper was not employed in that division. The USDA contends that the fact that the individual responsible for posting the position erred in limiting eligibility to COD employees is of no consequence. The USDA asserts that regardless of the error, it was the posted limitation, and not Piper's age, sex, race, or history of filing EEOC claims, that led the department to consider her ineligible for the position.

applicant. Additionally, the department asserts that Piper was not "removed" from the Leave Donor Program, but rather, her participation in that program merely expired according to the medical documentation she had provided. Finally, the USDA asserts that even if Piper had been "removed" from the Leave Donor Program, her removal does not qualify as an adverse employment action necessary to support a *prima facie* case of discrimination, because it was not an "ultimate employment decision."

The district court granted summary judgment, dismissing all of Piper's claims with prejudice. Piper appeals, challenging only the summary judgment on her claim that the USDA declined to promote her on account of age, sex, and race.[4]

## II.

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We review a grant of summary judgment *de novo*, using the same criteria as employed by the district court. *Pat-*

---

[4] Read liberally, Piper's brief argues only that the USDA's contention that Jack was hired because of his superior qualifications is pretextual. She makes no argument regarding the temporary Supervisory Systems Accountant position or the Leave Donor Program; she makes no argument regarding retaliation, even with respect to her nonpromotion claim. "It has long been the rule in this circuit that any issues not briefed on appeal are waived." *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

*terson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

Absent direct evidence, to establish a *prima facie* case of employment discrimination under title VII, a plaintiff must show that "(1) he belongs to a protected group; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) he was replaced by [or passed over in favor of] someone outside the protected class." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)). If the plaintiff succeeds in establishing his *prima facie* case, under the *McDonnell Douglas* framework "a presumption of discrimination arises and . . . the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions." *Id*.

The defendant can satisfy this burden "by producing evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *Id*. (internal quotations and citations omitted). If the defendant carries this burden successfully, "the mandatory inference of discrimination created by the plaintiff's *prima facie* case drops out." *Id*.

The plaintiff then has the opportunity to demonstrate that the defendant's proffered reason for the adverse action is pretextual. *Id*. "On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Id*. With regard to a nonpromotion claim, in this step the plaintiff must show that he is "*clearly better qualified* [than the individual selected] for the position in question." *Odom v. Frank*, 3 F.3d 839, 845 (5th Cir. 1993). If the plaintiff can demonstrate that the

defendant's asserted justification for the action is pretextual,

> this showing, coupled with a *prima facie* case, may permit the trier of fact to conclude that the employer discriminated against the plaintiff without additional evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). However, such a showing will not always be enough to prevent summary judgment, because there will be cases where a plaintiff has both established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, yet "no rational factfinder could conclude that the action was discriminatory." *Id.* Whether summary judgment is appropriate depends on numerous factors, including "the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Id.* at 148-49.

*Price*, 283 F.3d at 720.

As we have noted, Piper cannot successfully state a claim of age discrimination under title VII, because age is not a characteristic protected by the statute. Additionally, she fails to establish a *prima facie* case of race discrimination, because the person selected for the promotion in her stead, Jack, is also black.

Piper has, however, successfully established a *prima facie* case of sex discrimination: (1) She is a member of a protected class (women); (2) she was qualified for the position sought, as evidenced by the NFC's placement of her, along with five other individuals, on the Roster of Best Qualified for the permanent Supervisory Systems Accountant position; (3) she was not promoted, which is an adverse employment action, *see Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002); and (4) the person selected for the position is a man.

The USDA states that it promoted Jack instead of Piper because he was the most qualified applicant. According to the USDA, a Supervisory Systems Accountant is responsible "for managing, through subordinate sections, activities relating to the reconciliation, evaluation, and preparation of financial and accounting reports required by the Department of the Treasury . . . and other agencies serviced by the NFC." Because of his "extensive experience," including his service as Section Chief and Branch Chief in the Financial Reporting Branch of the Controller Operations Division of the NFC, the selecting official deemed Jack "an expert in financial government reporting" and thus superiorly qualified for the position.

It is Piper's burden to rebut this asserted nondiscriminatory justification, and she has brought forth no evidence indicating that she is "clearly better qualified" than is Jack to serve as a Supervisory Systems Accountant. Accordingly, the summary judgment is AFFIRMED.

4