United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40957
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK GRAY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-26-2
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Derrick Gray appeals his guilty-plea conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and resulting 97-month sentence. He contends that the district court erred in failing sua sponte to dismiss his retained attorney and either appoint new counsel or afford him time to retain new counsel due to an actual conflict of interest between him and his trial attorney, violating his Sixth Amendment rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Gray's challenge is barred by the waiver-of-appeal provision in the plea agreement, wherein Gray waived his right to appeal except as to any sentencing-guidelines determinations. "[A] defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence." United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992). It also argues that there was no conflict of interest and, even if there was, Gray suffered no resulting prejudice, regarding the plea, sentence, or otherwise.

The precise nature of Gray's appeal is unclear. Although he briefly suggests that, aside from any ineffective assistance of counsel, his guilty plea was unknowing or involuntary and the waiver provision was invalid, he does not sufficiently argue these points and has thus waived any such challenges. See United States v. Thibodeaux, 211 F.3d 911, 912 (5th Cir. 2000).

Gray's complaint is best described as a complaint that ineffective assistance, in the form of a conflict of interest, renders invalid his guilty plea and the waiver-of-appeal provision therein, hence we should vacate his conviction or remand for resentencing. Although we have held that ineffective assistance of counsel claims challenging the plea and waiver themselves survive the waiver, see United States v. White, 307 F.3d 336, 343 (5th Cir. 2002), we have also held that we will not address such claims for the first time on direct appeal where they were not sufficiently developed in the trial court and the

record is sparse  See <u>United States v. Brewster</u>, 137 F.3d 853,
859 (5th Cir. 1989).  This is such a case, where the district
court never directly addressed the possibility of ineffective
assistance.  Gray can raise this argument under 28 U.S.C. § 2255.

The district court's judgment is AFFIRMED.