United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-30791
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL BARRERA-CRUZ,

Defendant-Appellant.

consolidated with

—————————————

No. 05-30896
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINNIE W. SIMON,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
No. 5:04-CR-50071-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Codefendants Saul Barrera-Cruz and Linnie Simon appeal the sentences imposed following their guilty-plea convictions of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. Barrera-Cruz complains that the district court did not consider the appropriate 18 U.S.C. § 3553(a) factors, but, because he was sentenced within a properly calculated guidelines range, consideration of the appropriate factors is inferred. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Barrera-Cruz next conclusionally states that the district court erred in ordering his sentence to run consecutively to, rather than concurrently with, the federal sentence he was already serving. Even if the instant sentence was imposed consecutively to his undischarged sentence, he has abandoned by failing to brief any argument challenging the presumption of correctness that attaches "to a consecutive sentence imposed within the parameters of the advisory federal guidelines." United States v. Candia, 454 F.3d

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

468, 473 (5th Cir. 2006); see United States v. Thibodeaux, 211 F.3d 911, 912 (5th Cir. 2000).

This court lacks jurisdiction to consider Barrera-Cruz's argument that the district court erred in failing to depart downwardly based on his substantial assistance to the government. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006). Barrerra-Cruz has shown no error in the judgment, which is therefore affirmed.

Simon argues that his Sixth Amendment rights were violated when he was forced to proceed pro se at sentencing without a sufficient colloquy to establish that he knowingly and unequivocally waived his right to counsel. We agree. Because the sentencing transcript in Simon's case contains no Faretta colloquy, see Faretta v. California, 422 U.S. 806, 833-35 (1975), demonstrating that the court warned him of the "perils and disadvantages of self-representation," particularly before attempting "to navigate the Guidelines' various potentialities on his own," we vacate Simon's sentence and remand for resentencing. See United States v. Virgil, 444 F.3d 447, 454, 456 (5th Cir. 2006). That being so, we do not address the other sentencing issues Simon now raises. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

The judgment of sentence in No. 05-30791 is AFFIRMED.  The judgment of sentence in No. 05-30896 is VACATED and REMANDED for resentencing.