**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-50759
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JASON MITCHELL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-66-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jason Mitchell appeals his conviction and 60-month sentence following his conditional guilty plea conviction for conspiracy to manufacture and manufacturing of marijuana.

Mitchell first avers that the district court erred by denying his motion to suppress evidence seized from a rental unit leased by a co-defendant for the purpose of growing marijuana. He contends that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that he did not have standing to challenge the search of the rental unit, and in holding that the canine sniff at the front door of that rental unit did not constitute an impermissible warrantless search. Even if we assume that the district court erred in both of those respects, Mitchell's appeal of the denial of his motion to suppress fails because he has abandoned, by failing to brief, any argument challenging the district court's alternative holding that the good faith exception to the exclusionary rule applied because the warrant that was issued for the rental unit was not issued on the basis of the canine sniff alone. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the district court's denial of Mitchell's motion to suppress based on the good faith exception is affirmed.

Mitchell also contends that the district court clearly erred by increasing his offense level by two levels under U.S.S.G. § 2D1.1(b)(1), based on a firearm found in the rental unit. The adjustment under § 2D1.1(b)(1) should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. § 2D1.1(b)(1), comment. (n.3); *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994).

The record reflected that the firearm was present, in plain view, in the same room of the rental unit where marijuana was being cultivated. Given the proximity of the firearm to the marijuana, it was not clearly improbable that the firearm was connected with the offense. *See id.; United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991).

AFFIRMED.