# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-60124
Summary Calendar

AJARATON AIDA MBENGUE; AMINATA MBENGUE; ADJA ALIMATOO
MBENGUE; HAMZA AISSATOU MBENGUE; IBRAHIMA MBENGUE;
IBRAHIMA LO; AISSATOU ARAFAT MBENGUE; YAKHOUB CHEICK
MBENGUE; MOUHAMADOU MBENGUE

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A96 046 962; A96 046 963; A96 046 964; A96 046 965;
A96 046 966; A96 046 967; A96 046 968; A96 046 969; A96 046 970

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Natives and citizens of Senegal, siblings Ajaraton, Aminata, Adja, Hamza,
Ibrahima, Aissatou, Yakhoub, and Mouhamadou Mbengue and their cousin,
Ibrahima Lo, ("petitioners") petition for review of a Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appeals ("BIA") order dismissing their appeal of an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

In their brief to this court, the petitioners do not specifically challenge the BIA's order but instead assign error only to certain aspects of the IJ's decision. The petitioners first argue that the IJ improperly discounted a recent State Department "country report" that the petitioners claim demonstrates worsening human rights conditions in Senegal. They also contend that the IJ's adverse credibility determinations regarding the petitioners were unfounded because the IJ allowed Government counsel to badger the petitioners during cross-examination and confuse them with questions about other petitioners' testimony. Finally, the petitioners argue that the IJ erred by misapplying the distinct legal standards of eligibility for asylum and withholding of removal.

This court lacks authority to review the IJ's alleged errors. "When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, the BIA conducted a *de novo* review of the record and did not merely adopt the IJ's findings, so our review is limited to the BIA's order. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002). The BIA tracked the IJ's findings, but it also assumed the truth of petitioners' testimony while concluding that the testimony was too vague and bereft of factual support for their claims of withholding or asylum. Consequently, in failing to challenge the BIA's decision, the petitioners

---

[1] Due to overlapping factual and legal issues, the petitioners' cases were consolidated in proceedings before the IJ.

have waived the only issues properly before this court. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived."). Accordingly, the petition for review must be **DENIED**.