# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM WILBOURN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CR-182

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judge.

PER CURIAM:[*]

William Wilbourn appeals from his conditional guilty plea conviction for possession of a firearm by a convicted felon; the plea was conditioned upon Wilbourn's reservation of his right to appeal the district court's denial of his motion to suppress. The district court denied the motion, finding that Wilbourn had consented to the search of his residence. Alternatively, the district court determined that the search was justified as a protective sweep.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60168

Wilbourn, in his opening brief, does not address the district court's protective sweep analysis.  Although he addresses the issue in his reply brief, "[t]his court does not entertain arguments raised for the first time in a reply brief." *United States v. Ramirez,* 557 F.3d 200, 203 (5th Cir. 2009).

This court "will not raise and discuss legal issues that [Wilbourn] has failed to assert." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Wilbourn has not addressed the denial of his motion to suppress on the basis that the search was justified as a protective sweep, he has abandoned the issue on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Additionally, because the ruling presents an independent, unchallenged ground for the district court's denial of the motion to suppress, we affirm the district court's denial on that basis without addressing Wilbourn's other arguments.  *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000); *see also United States v. Mitchell*, 334 F. App'x 665, 665-66 (5th Cir. 2009) (holding that appellant abandoned, by failing to brief, any argument challenging the district court's alternative holding that the good faith exception to the exclusionary rule applied).

AFFIRMED.