# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

No. 15-50109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DEWAYNE LANE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-185-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael DeWayne Lane pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, pursuant to a written plea agreement that incorporated an appeal waiver. Lane now challenges the factual basis supporting his guilty plea and the application of a U.S.S.G. § 2D1.1(b)(1) weapons enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50109

Although Lane's appeal waiver does not bar review of his claim that the factual basis of his guilty plea is insufficient, we review for plain error because Lane did not challenge the factual basis for his plea in the district court. *See United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010). To show plain error, Lane must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

"[A] district court taking a guilty plea [must] make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *Trejo*, 610 F.3d at 313 (emphasis in the original). The factual basis must be "sufficiently specific to enable the district court to compare the conduct admitted by the defendant with the elements of the offense charged." *Id.*

"The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) his voluntary participation in the agreement." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). Lane's sole argument is that the Government failed to allege, or to adduce any evidence of, the existence of an agreement. He argues that the evidence establishes only that he engaged in distribution, that his relationship with James LeRoy May was that of buyer and seller, and that he and Kimberly Sue Davis, his common law wife, independently sold methamphetamine.

The undisputed facts in the record show that Lane and Davis, a common law married couple, lived in the same home, kept drugs in a shared location in their home, and sold drugs to the same person, May. Based upon these facts,

the district court could reasonably infer that Lane and Davis agreed to jointly supply May with methamphetamine. *See United States v. Hernandez-Palacios*, 838 F.2d 1346, 1348 (5th Cir. 1988) ("[T]he trier of fact may infer agreement from circumstantial evidence."). Thus, the district court did not plainly err in finding that Lane's plea to conspiracy to distribute methamphetamine was supported by facts sufficient to establish each element of the charged offense.

Lane's plea agreement included a provision that waived his right to appeal or collaterally attack his sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct of a constitutional dimension. We review the validity and enforceability of an appeal waiver *de novo*. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The court will enforce the waiver if it was agreed to knowingly and voluntarily. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Lane's response to the Government's invocation of the appeal waiver is meritless, and Lane has waived any argument that his waiver was neither knowing nor voluntary by not briefing it. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000). Accordingly, the appeal waiver is valid and bars Lane's challenge to the sentencing enhancement.

AFFIRMED.