# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL RIVERA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-785-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Rivera-Hernandez pleaded guilty to illegal reentry of the United States after removal. On appeal, he argues that the district court plainly erred in entering judgment under 8 U.S.C. § 1326(b)(2). His contention is that his prior Utah aggravated assault conviction, for which he was sentenced to 1 to 15 years of imprisonment, was not an aggravated felony. Rivera-Hernandez does not brief a challenge to his 60-month sentence of imprisonment or to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manner in which his sentence was determined, and he has therefore waived any challenge to such issues. *See United States v. Thibodeau*x, 211 F.3d 910, 912 (5th Cir. 2000).

For purposes of § 1326(b)(2), the term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009). An offense is an aggravated felony if it is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." § 1101(a)(43)(F) (internal footnote omitted).

In view of 18 U.S.C. § 16(b), we conclude that there was no error, plain or otherwise, in the determination that Rivera-Hernandez's prior Utah aggravated assault conviction is a crime of violence as defined in § 16 and thus an aggravated felony under § 1101(a)(43)(F). Rivera-Hernandez's aggravated assault conviction required the intent to cause serious bodily injury. *See State v. Hutchings*, 285 P.3d 1183, 1187 (Utah 2012); *State v. Velarde*, 734 P.2d 449, 453 (Utah 1986). When considering whether an offense is a crime of violence under § 16(b), we determine whether "in the ordinary case . . . the perpetrator uses or risks the use of physical force in committing the offense." *Perez-Munoz v. Keisler*, 507 F.3d 357, 364 (5th Cir. 2007). "Being able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under § 16(b)." *Id*.

As Rivera-Hernandez concedes, his contention that the definition in § 16(b) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551, 2555-57 (2015), is foreclosed by our decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). To the extent that Rivera-Hernandez requests that we hold his appeal in abeyance pending an anticipated Supreme

No. 16-40149

Court decision addressing the constitutionality of § 16(b), *see Lynch v. Dimaya*, 137 S. Ct. 31 (2016), we decline to do so, as we remain bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Because we have determined that, in view of § 16(b), there was no error, plain or otherwise, in the entry of judgment under § 1326(b)(2), we need not address Rivera-Hernandez's contention that his Utah aggravated assault conviction is not a crime of violence under § 16(a). Likewise, we need not determine the standard of review applicable to that issue.

AFFIRMED.