# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10353

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2018

Lyle W. Cayce
Clerk

GEORGES BENAMOU; DOMONIQUE IFERGAN; MICHELLE TUSTES,

>          Plaintiffs - Appellants

v.

WELLS FARGO BANK NATIONAL ASSOCIATION, as Trustee for
Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-
Through Certificates,

>          Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CV-401

Before REAVLEY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

In 2006, appellants Georges Benamou, Domonique Ifergan, and Michelle Tustes refinanced a 2004 home equity loan, paying it off and getting additional cash besides. The 2006 loan was with Wells Fargo, and though it was itself a home equity loan, the parties now agree that, under the Texas Constitution, it did not create a new lien on the Appellants' property. Under the doctrine of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equitable subrogation, however, "a third party who discharges a lien upon the property of another" may "step into the original lienholder's shoes and assume the lienholder's right to the security interest against the debtor." *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007) (per curiam). Equitable subrogation is permissible only if the underlying lien is valid. *See id.* at 618–20; *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996).

Accordingly, though Wells Fargo cannot enforce any lien arising directly from the 2006 loan, as the third party who paid off the prior lien against Appellants' property, it may yet preserve its lien rights through equitable subrogation—so long as the 2004 lien was valid. *See LaSalle Bank*, 246 S.W.3d at 618–20. Here, application of the doctrine turns on the 2004 lien's validity, and that is what this case is about—or, what it would be about if Appellants had seasonably contended that the 2004 lien was invalid.

Wells Fargo moved for summary judgment on the equitable subrogation theory, showed that its 2006 loan had paid off the 2004 lien, and provided a certified copy of the Texas Home Equity Security Instrument establishing that 2004 lien. Appellants opposed summary judgment but did not contend that Wells Fargo had failed to establish the validity of the 2004 lien. A magistrate judge undertook the initial review of Wells Fargo's motion and recommended that it be granted. Appellants then filed objections with the district court and abandoned the arguments they had made in favor of the argument they had not made—to wit, that Wells Fargo failed to establish the 2004 lien's validity.

The district court found that Appellants waived the validity argument because they made it only after the magistrate judge had issued her report and recommendation. Before us, Appellants raise only the validity argument and fail to address the district court's waiver finding. That alone would be enough to dispose of this case. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed

No. 17-10353

on appeal are waived."). In any event, the district court was correct to find the validity argument waived below. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). Appellants' argument is that the certified copy of the Texas Home Equity Security Instrument establishing the 2004 lien is insufficient to establish a valid lien. This is a legal argument, and it was waived.[1]

A district court "may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint," in which case this court "review[s] the district court's failure to allow such an amendment for abuse of discretion." *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam). The district court found this escape hatch closed to Appellants, rejecting their request to amend the pleadings. We will not review the correctness of this ruling because Appellants have failed to argue it was erroneous. With this last finding of waiver, we conclude our review of this case.

The judgment is AFFIRMED.

---

[1] If not for these waivers, we would have found another. Appellants did not adequately brief the validity argument. *See* FED. R. APP. P. 28(a)(8). This case raises interesting questions. When Texas law supplies the rule of decision, what must a lender do at the summary judgment stage to establish a valid lien for purposes of the equitable-subrogation analysis? Does a *prima facie* showing suffice, or must the defendant also prove that the underlying loan transaction complied with the Texas Constitution in all respects? Appellants' argument, such as it is, consists of two paragraphs with no citations to legal authority, one citation to the magistrate judge's report and recommendation, and no discussion of these vital questions. This is insufficient. *See, e.g., Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 241 n.6 (5th Cir. 2009). To rule in Appellants' favor would require a thorough examination of Texas law and its fit within the federal rules governing summary judgment. On this briefing, it would be judicially irresponsible to reach the merits.