# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10478
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2024

Lyle W. Cayce
Clerk

Alexis C. Norman,

*Plaintiff—Appellant*,

*versus*

Federal Bureau of Prisons, *Director Michael Carvaial*; Michael Smith, *Medical Director, Federal Bureau of Prisons*; United States of America,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-1041

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Alexis C. Norman appeals the district court's dismissal of her tort claim against the United States. For the reasons set forth below, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10478

## I.    Background

Norman alleges the Bureau of Prisons (BOP) failed to provide her care and medical treatment as required by the Eighth Amendment and 18 U.S.C. § 4042 while she was incarcerated at the Federal Medical Center Carswell. She alleges this lack of care led to her contracting COVID-19 in July 2020 and experiencing long-term related health defects.  Proceeding pro se and in forma pauperis, Norman filed a federal tort claim and attached a copy of an administrative tort claim she previously sent to the BOP, thus satisfying the notification requirement under the Federal Tort Claims Act ("FTCA").[1] *See Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir. 1992) (per curiam) (requiring an FTCA plaintiff to give the appropriate federal agency notice of her claim prior to filing suit).  The district court determined the United States was the correct defendant and ordered service thereupon.[2]

On March 6, 2023, the government filed a motion to dismiss Norman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction.  Norman did not file a response within the 21-day deadline set by the local rules.  *See* N.D. Tex. Local Civil Rule 7.1(e).  In the absence of opposition from Norman, the district court granted the motion to dismiss on April 6, 2023.

---

[1] Norman's complaint refers to her suit as a "tort claim" against the BOP, and the attached administrative claim invokes the FTCA and the discretionary function exception. In its motion to dismiss, the government construed Norman's complaint as asserting an FTCA claim, and Norman has embraced that characterization, so we address that issue.

[2] Norman originally named two BOP officials in their official capacities as defendants, who were never served.  However, she has not contested that the United States is the correct defendant, and FTCA claims may be brought only against the United States, so those other defendants are no longer in this case and not part of this appeal. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (noting that an FTCA claim against a federal agency or employee instead of the United States must be dismissed).

No. 23-10478

The district court concluded that the United States had not waived sovereign immunity for Norman's claims arising out of the Eighth Amendment and that Norman failed to allege a claim that was facially outside of the discretionary function exception to the FTCA.

The district court received Norman's response to the government's motion to dismiss on April 11, 2023. Norman subsequently filed a motion to vacate the district court's judgment, which the district court construed as a Rule 59(e) motion and then denied.

While Norman's Rule 59(e) motion was pending, Norman filed a notice of appeal pertaining to the district court's final judgment signed April 6, 2023. Norman did not file a new or amended notice of appeal after the court denied her Rule 59(e) motion.

## II. Jurisdiction & Standard of Review

Norman's notice of appeal was timely, *see* FED. R. APP. P. 4(a)(1)(B)(i), and we have appellate jurisdiction under 28 U.S.C. § 1291 to review the district court's order from April 6, 2023, granting the government's motion to dismiss. She did not seek an appeal from the ruling on the Rule 59(e) motion and did not ask us to review that specifically in her brief, so we do not address it. "We review de novo a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because of state sovereign immunity." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005).[3]

---

[3] As noted previously, Norman's response reached the district court on April 11, 2023, which was well past the 21-day deadline prescribed by the local rules. *See* N.D. TEX. LOCAL CIVIL RULE 7.1(e). The district court had not received Norman's response at the time it issued its April 6 order, which is the only order at issue on this appeal. In her briefing before us, Norman does not object to the district court's failure to consider her response, nor does she provide any explanation for her untimeliness. As such, our

No. 23-10478

## III.    Discussion

Our review is limited to Norman's FTCA claim against the United States.[4]  The FTCA waives sovereign immunity for some tort suits against the United States, although that waiver is subject to several exceptions. *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017); *United States v. Gaubert*, 499 U.S. 315, 318 n.4 (1991); *see* 28 U.S.C. §§ 1346, 2671–80. Relevant here, the discretionary function exception "preserves the federal government's immunity . . . when an employee's acts involve the exercise of judgment or choice." *Gonzalez*, 851 F.3d at 543 (quotation omitted); *see* 28 U.S.C. § 2680(a).  This exception applies if "(1) the conduct [is] a matter of choice for the acting employee" and "(2) the judgment [is] of the kind that the discretionary function exception was designed to shield." *Gonzalez*, 851 F.3d at 543–44 (internal quotation marks and citations omitted).  If a regulation or policy "leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Id.* at 544 (quotation omitted).

---

analysis does not consider the arguments raised in her untimely response. *See Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (noting our court follows the general rule that "arguments not raised before the district court are waived and cannot be raised for the first time on appeal" (quotation omitted)).

[4] Norman does not challenge the district court's conclusion that her claims arising out of any alleged Eighth Amendment violation are barred by sovereign immunity, so we do not review that holding. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) (per curiam) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").  Her limited briefing on the notion that the alleged Eighth Amendment violation demonstrates that BOP officials were not acting within their discretion when they allegedly denied her medical care is not properly before us as it was not pled before the district court and her briefing does not provide analysis or proper cites. Accordingly, she has waived the issue. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004); *Thibodeaux*, 211 F.3d at 912.

We agree with the district court that Norman failed to allege a claim facially outside the discretionary function exception. *See Gaubert*, 499 U.S. at 324–25. Norman has not identified any statute, regulation, or policy that required the BOP to address Norman's COVID-related concerns in a particular manner. She alleges the BOP violated a duty of care owed to her under 18 U.S.C. § 4042 and the Eighth Amendment, but neither one prescribes any specific procedures the BOP must follow in providing care and medical treatment to prisoners. For that reason, we and our sister circuits have held that neither 18 U.S.C. § 4042 nor the Eighth Amendment "define[s] a non-discretionary course of action specific enough to render the discretionary function exception inapplicable." *See Garza v. United States*, 161 F. App'x 341, 343 (5th Cir. 2005) (citing cases); *see also Nichols v. United States*, No. 21-50368, 2022 WL 989467, at *3 (5th Cir. Apr. 1, 2022) (per curiam) (stating that "our court has held § 4042 affords officials discretion"). On appeal, Norman disclaims reliance on BOP COVID-related guidance and instead relies on four other BOP policies, which were also cited in the claim form attached to and referenced in her complaint.[5] But none of those policies mandate that the BOP take specific actions under the circumstances alleged by Norman.

---

[5] In her administrative tort claim (attached to her complaint), Norman expressly argued that her claim was not barred by the discretionary function exception based on multiple BOP policies. As such, Norman did not waive these arguments even though she failed to timely respond to the government's motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Horton*, 387 F.3d at 435 ("[A]n argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it."); *see, e.g.*, *Velazquez v. United States*, 835 F. App'x 733, 736 (5th Cir. 2020) (considering administrative tort claim attached to FTCA complaint when evaluating 12(b)(1) motion to dismiss). Nevertheless, as stated herein, these arguments are meritless.

Where, as here, the policies at issue allow the BOP to exercise discretion, we presume that the BOP's actions are grounded in policy when exercising that discretion. *See Gaubert*, 499 U.S. at 315. Indeed, "policy and procedures, and care, custody, and control are decisions typically in the discretion of [prison] administrators." *Nichols*, 2022 WL 989467, at *3; *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

Norman has therefore failed to allege a claim that would fall outside of the discretionary function exception, meaning the United States is entitled to sovereign immunity. Accordingly, we AFFIRM the district court's dismissal of Norman's claims.