# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3837WM

_____

Claude E. Harris, Jr.,              *
                                      *

        Appellant,           *
                                      *   On Appeal from the United

    v.                            *   States District Court
                                      *   for the Western District
                                      *   of Missouri.

Interstate Brands Corporation,    *
                                      *

        Appellee.           *

_____

Submitted:   September 12, 2003
Filed:    October 31, 2003

_____

Before SMITH, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


      Claude E. Harris, Jr., appeals the District Court's[1] grant of summary judgment in the employment-discrimination claim he brought against his employer, Interstate Brands Corporation. Mr. Harris raises two issues. First, he alleges the grant of summary judgment violated his Seventh Amendment right to a jury trial. The Seventh Amendment, he says, simply prohibits summary judgment in employment-

_____

[1]The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri.

discrimination cases. Second, he argues the District Court erred in granting summary judgment based on the facts presented. After reviewing the record de novo, Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 686 (8th Cir. 1998), we find no error and affirm.

In September 2001, Interstate Brands fired Mr. Harris from his job as a "bun catcher" in its Kansas City bakery after he disregarded directions from a supervisor and turned off a production-line machine. During his tenure at the bakery, Mr. Harris had been reprimanded several times for insubordinate behavior and inappropriate language. Following his discharge, Mr. Harris filed this employment-discrimination claim and alleged racial and gender discrimination, as well as retaliation.

A grant of summary judgment does in itself not violate the Seventh Amendment. Summary judgment is proper when no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A grant of summary judgment does not violate the Seventh Amendment right to a jury trial. This right exists only with respect to disputed issues of fact. Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-20 (1902). Actions for damages caused by employment discrimination, like other actions at law, are, in general, triable as of right by jury; but there is nothing special about employment-discrimination cases that would exempt them from normal procedural controls like motions for directed verdict or for summary judgment.

The grant of summary judgment was proper given the facts presented to the District Court. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, after the moving party presents evidence to support this motion, the non-moving party bears the burden of opposing it with "a concise listing of material facts as to which the [non-moving] party contends a genuine issue exists." W.D. Mo. Loc. R. 56.1(a). Any facts presented by

the moving party that the non-moving party fails to controvert specifically "shall be deemed admitted for the purpose of summary judgment . . .." <u>Ibid.</u>

In the case at bar, Mr. Harris effectively admitted the statements presented by defendant in its motion for summary judgment when he did not controvert them specifically in his suggestions in opposition to the motion, as required by the local rule. Given this admission, no genuine issues of material fact existed and, therefore, summary judgment was proper.

Affirmed.

_____