United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41056
Summary Calendar

---

LARRY BENNETT,

Plaintiff-Counter Defendant-Appellant,

versus

CALABRIAN CHEMICALS CORP.,

Defendant-Counter Claimant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 1:03-CV-238

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Bennett ("Bennett") appeals the district court's grant of summary judgment for Calabrian Corporation ("Calabrian") on Bennett's Americans With Disabilities Act ("ADA") disability discrimination claim. The district court ruled for Calabrian based on its legal conclusion that Bennett failed to proffer any competent evidence to establish a prima facie case that there was a "record" of impairment or that Bennett was "regarded as" being disabled. <u>See</u> <u>Bennett v. Calabrian Chemicals Corp.</u>, 324 F. Supp.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2d 815 (E.D.Tex. 2004). Bennett argues that there is competent evidence to support both of these conclusions. The following discussion can add little to the district court's careful opinion.

We review a summary judgment <u>de novo</u> and are bound by the same standards as those employed by the district court. <u>See</u> <u>Chaplin v. NationsCredit Corp.</u>, 307 F.3d 368, 371 (5th Cir. 2002). Namely, summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine issue as to any material fact. <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002).

The record does not support the conclusion that Bennett has a record of a "physical or mental impairment that substantially limits one or more of [Bennett's] major life activities." 42 U.S.C. 12102(2). The fact that Bennett was temporarily off work for a medical condition and surgery does not mean that he was disabled under the ADA. <u>See</u> <u>Pryor v. Trane Co.</u>, 138 F.3d 1024, 1026 (5th Cir. 1998) (stating that temporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities).

Moreover, the fact that Calabrian previously granted Bennett's request for twenty-six weeks of short term disability leave under Calabrian's self-funded plan does not by itself establish that Calabrian "regarded" Bennett as disabled. <u>See,</u>

2

e.g., <u>Linser v. State of Ohio, Dep't of Mental Health</u>, 234 F.3d 1268, 2000 WL 1529809, *4 (6th Cir. 2000). The legal definition of a disability under the ADA is different from the eligibility criterion for Calabrian's short term disability plan ("not able to perform any work for pay or profit").

Finally, Bennett fails in arguing that the letter to him from Charles Cogliandro, President of Calabrian, is competent evidence to demonstrate that Calabrian regarded Bennett as disabled.[1] Cogliandro testified that he developed a suspicion Bennett was not in fact unable to work, and when Bennett attempted to return to work, Cogliandro regarded Bennett as unworthy to return. This letter tends to show that Cogliandro was disturbed that Bennett had been on medical leave for a condition that did not prevent him from working at the plant. The letter, standing by itself, does not establish a factual basis for the conclusion that Calabrian regarded Bennett as having an impairment substantially limiting a major life activity. At most, it shows that Cogliandro believed that Bennett had the medical condition of arterial occlusive disease.

---

[1]     Cogliandro's letter states, in part:

[S]ince Dr. Foley had determined that Mr. Bennett was fully disabled due to his condition (arterial occlusive disease), that a release from Dr. Foley must state that he no longer has the condition in order for Mr. Bennett to return to work.

To date, Mr. Bennett has failed to produce a release from Dr. Foley with the requested information. Hence, he cannot return to work.

3

Accordingly, the judgment of the district court is

**AFFIRMED.**