United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-10213
Summary Calendar
_____

FREDERICK FLORENCE,

Plaintiff - Appellant,

versus

FRONTIER AIRLINES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
District Court Cause No. 03-CV-387-B

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Frederick Florence appeals from the district court's order
of summary judgment on his claims for defamation and wrongful
termination. For the reasons provided below, the court affirms
the district court's judgment.

Florence began working for Frontier Airlines (Frontier) as a
commercial airline pilot in September 2000. On November 30,
2000, Florence submitted an IRS Form W-4 classifying himself as
exempt from tax withholding. On or about January 8, 2001,

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

Frontier's Executive Vice President asked Florence to either provide proof that he was exempt from withholding or to submit a W-4 reflecting his status as nonexempt. Florence refused these options. On February 1, 2001, the Vice President sent Florence a letter telling him that he was being terminated because he failed to submit a valid W-4 IRS Form. In the letter, the Vice President indicated that Florence's "refusal to follow the tax laws casts significant doubt on [his] judgment and the likelihood that [he] would follow Frontier's directives for the safe and effective operation of an aircraft." Florence then sued Frontier for breach of the covenant of good faith and fair dealing, defamation, and wrongful termination. Florence alleged that Frontier fired him for "refusing to accede to the criminal act of signing an altered or forged record." Florence appears to contend that signing a W-4 that reflected his status as nonexempt from tax withholding would constitute a criminal act of perjury.

The first judge assigned to Florence's case dismissed Florence's claim for breach of the covenant of good faith and fair dealing. The second judge assigned to the case entered summary judgment in Frontier's favor on Florence's claims for wrongful termination and defamation. Florence then appealed. Florence's pro se brief does not address the dismissal of his claim for breach of the covenant of good faith and fair dealing, and therefore, this court will consider only Florence's complaints about the summary judgment on his wrongful termination

2

and defamation claims.

The court reviews the district court's summary judgment *de novo*, using the same standard applied by that court.[1] This court conducts an independent review of the record, taking factual inferences in the nonmovant's favor, and then determines whether the movant is entitled to summary judgment.[2] The movant is entitled to summary judgment if the documentary evidence shows that no genuine issue of material fact exists.[3]

On January 12, 2005, the district court entered a well-reasoned order that thoroughly justified its grant of summary judgment. After considering Florence's pro se brief and reviewing the record, this court finds no error in the district court's summary-judgment rulings. Summary judgment was proper on Florence's wrongful termination claim because he failed to produce evidence showing that Frontier required him to perform an illegal act.[4] Although Florence contends that Frontier ordered

---

[1] *Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir. 1989).

[2] *Degan*, 869 F.2d at 892.

[3] FED. R. CIV. P. 56(c).

[4] *See White v. FCI USA*, 319 F.3d 672, 676 (5th Cir. 2003) (explaining that a plaintiff who alleges wrongful termination under Texas law must produce evidence that shows his employer required him to commit an illegal act with criminal penalties); *Sabine Pilot Serv. v. Hauck*, 687 S.W.2d 733, 734-35 (Tex. 1985) (recognizing an exception to the Texas employment-at-will doctrine that permits an employee to bring a wrongful termination claim if he was terminated for refusing to perform an illegal act).

him to sign an altered W-4, he testified in his deposition that he did not see the purported altered document and he did not recall what changes the Vice President wanted him to make to his W-4. In any case, he did not have to sign the document because he had another option——to provide proof that he was exempt for tax withholding. Florence, however, presented no evidence that shows he is exempt from withholding. Thus, Florence failed to present evidence that raised a fact question about whether Frontier required him to perform an illegal act. Consequently, Frontier was entitled to summary judgment on Florence's wrongful termination claim.

Summary judgment was also proper on Florence's defamation claim because he failed to produce evidence that Frontier published a defamatory statement to a third party.[5] Instead of contending that Frontier published a defamatory statement, Florence argues that he was required to publish defamatory statements by being required to produce copies of his termination letter to prospective employers.[6] The defamatory statements

_____

[5]*See Doe v. SmithKline Beecham Corp*., 855 S.W.2d 248, 259 (Tex. App.——Austin 1993, writ granted), *judgm't aff'd as modified*, 903 S.W.2d 347 (Tex. 1995) (requiring a plaintiff who alleges defamation to prove that a defamatory statement was published to a third party).

[6]Florence maintains that the "Pilot Records Improvement Act of 1996" requires him to provide a copy of his termination letter to a prospective employer. Whether this is true is irrelevant to whether Florence was aware of the defamatory nature of the alleged defamatory statements. In addition, Florence waived this

4

Florence identifies are the statements that he failed to submit a valid W-4 and that his refusal to do so cast significant doubt on his ability to follow Frontier directives and to safely and effectively operate aircraft. Where a plaintiff relies on self-publication, he must produce evidence showing that he published the alleged defamatory statements without an awareness of the defamatory nature of the matter.[7] Florence testified in his deposition that he produced copies of the letter to prospective employers when he applied for employment, but he presented no evidence showing that he was not aware of the nature of the purported defamatory statements. Florence has always maintained that the statements in his termination letter are defamatory, beginning with his complaint where he alleged that the letter "falsely stated that [his] sense of judgment would render [him] incapable of operating an aircraft in a safe and effective manner." In addition, Florence referred to the letter in his deposition as a "letter of wrongful termination" through which he was "repeatedly defamed." These statements show that Florence was aware of the purported defamatory nature of the statements at the time he provided the letters to prospective employers.

---

argument by failing to raise it in the district court. *See Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002) (determining that the appellants had waived an argument by failing to raise it in the district court).

[7]*Austin v. Inet Technologies*, 118 S.W.3d 491, 499 (Tex. App.—Dallas 2003, no pet.).

Florence presented no evidence that raised a fact question about whether he was aware of the purported defamatory nature of the statements in his termination letter. As a result, Frontier was entitled to summary judgment on Florence's defamation claim.

Florence also contends that the district court's entry of summary judgment violated his right to have a jury decide disputed issues of fact. Whether summary judgment violates a litigant's right to a jury trial is a question of law the court reviews de novo.[8] "A grant of summary judgment does not violate the Seventh Amendment right to a jury trial. This right exists only with respect to disputed issues of fact."[9] Here, the district court correctly determined that no genuine issue of material fact exists. Because no fact question exists, Florence was not entitled to a jury trial; thus, summary judgment did not violate Florence's right to a jury trial.

Florence further complains that the district court denied his motion to strike an affidavit supporting Frontier's motion for summary judgment—specifically, an affidavit by Frontier's Vice President. In his motion, Florence argued that the Vice President was not competent to testify as an expert witness. The

---

[8]*See Bellum v. PCE Constructors*, 407 F.3d 734, 738 (5th Cir. 2005) (examining a question of law de novo).

[9]*Harris v. Interstate Brands Corp*., 348 F.3d 761, 762 (8th Cir. 2003).

court reviews this complaint for an abuse of discretion.[10]  Here, the record does not show an abuse of discretion.  In his affidavit, the Vice President attested to his personal knowledge of facts contained therein.  The Vice President then discussed the events that led to Florence's termination.  He did not give an expert opinion about any matter.  Thus, the district court did not abuse its discretion by denying Florence's motion to strike the affidavit.

Finally, Florence complains that the district court did not give him an opportunity for reciprocal discovery.  The court reviews the district court's discovery rulings for an abuse of discretion.[11]  The record shows that Florence had over eleven months to obtain discovery from Frontier.  In addition to the original nine months allowed for discovery, the district court extended the time for discovery by two months after Florence failed to attend his deposition and persisted in frustrating Frontier's attempts to obtain discovery.  The record does not reflect an abuse of discretion or any error by the district court.

---

[10]*See Dresser-Rand Co. v. Virtual Automation*, 361 F.3d 831, 841 (5th Cir. 2004) (stating that the court of appeals reviews the district court's rulings on the admissibility of expert testimony for an abuse of discretion).

[11]*See Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) (explaining that because the district court has broad discretion in discovery matters, the court of appeals will not reverse a ruling on a discovery motion absent an abuse of discretion).

Throughout this litigation, Florence has attacked the professional integrity and character of the judges assigned to his case. In addition, Florence has insulted Frontier's attorney. Although the district court was patient when faced with Florence's contumacious behavior, this court will not tolerate such disrespectful and inappropriate conduct. The court therefore admonishes Florence to cease and desist in his pattern of filing pleadings that insult the court and its officers and admonishes Florence about the role of civility in litigation. "[O]ne acting pro se has no license to harass others . . . and abuse already overloaded court dockets.[12] If Florence fails to heed this admonishment, the court will strike any pleading filed in this court that insults a judicial officer, the court, or an attorney.

Having determined that the district court did not err, the court affirms the district court's judgment.

AFFIRMED.

---

[12]*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).