IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20067

MAX TABATCHNIK

Plaintiff-Appellant

v.

CONTINENTAL AIRLINES

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(4:06-CV-1095)

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Max Tabatchnik (Tabatchnik) appeals an adverse summary judgment in his suit against his former employer, Continental Airlines (Continental), for discrimination under the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101, et seq. We affirm.

I.    BACKGROUND

In July of 2005, Tabatchnik began working as a Senior Analyst in the Scheduling and Planning Department of Continental. On November 21,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tabatchnik and his supervisor, Brian Znotins, met to discuss certain behaviors that needed to be corrected, including being absent without taking leave, taking long lunches, arriving late, failing to adhere to the dress code, and posting an inappropriate picture in his cubicle. Around this same time, Tabatchnik requested "flex" time to allow him to attend doctor appointments during his lunch breaks. Znotins responded that Tabatchnik had to take leave (sick, vacation, or unpaid) when he went to the doctor. Znotins did not want to know the reason for his appointments.

On December 9, Znotins gave Tabatchnik a formal written warning detailing performance issues and stating that if he violated any company policies and/or failed to show significant improvement, he would likely face more serious disciplinary action, including termination. The next week, Buddy Anslinger, Znotin's supervisor, received a phone call from the vice-president of the Corporate Security Department, stating that Tabatchnik had violated various flight pass policies and needed to be questioned. On December 13, during a corporate security interview, Tabatchnik admitted that he had violated the company's policy by letting his family use his Continental identification to book their own travel and receive a higher priority seating. However, he claimed he had unknowingly violated the company policy. The next day Tabatchnik was terminated.

Tabatchnik filed suit in district court against Continental, alleging employment discrimination and retaliation in violation of the ADA. Continental filed a motion for summary judgment, and the district court granted it. Tabatchnik now appeals.

II.   ANALYSIS

A.    Standard of Review

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court.  E.g., Hirras v. Nat'l R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir. 1996).  Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).

B.    Discrimination

Tabatchnik contends that the district court erred in ruling that he failed to present any evidence that he has a disability as defined by the ADA.  To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he is a qualified individual with a disability and that the negative employment action happened because of the disability.  Sherrod v. Am. Airlines, 132 F.3d 1112, 1119 (5th Cir. 1998) (citing 42 U.S.C. § 12112(a)).  The ADA defines disability as follows:  "(1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment; or (3) being regarded as having such an impairment."  Id. (citing 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g)).  Major life activities include "such tasks as 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.'"  Id. (quoting 29 C.F.R. § 1630.2(i)).

Although Tabatchnik stated in an affidavit that he had been diagnosed in 2000 with an anxiety disorder, he does not contend that he has a substantially limiting impairment under the ADA.  Instead, he only argues that he was regarded as having such an impairment by Continental.  Pursuant to Equal

Employment Opportunity Commission regulations, a person is regarded as having an impairment if he "[h]as none of the impairments . . . but is treated by a covered entity as having a substantially limiting impairment." Id. at 1121 (quoting 29 C.F.R. § 1630.2(l)). Tabatchnik fails to demonstrate that Continental treated him as having such an impairment. Indeed, he fails to identify what substantially limiting impairment Continental regarded him as having. His only support for this argument is that he asked for "flex" time to allow him to go to his doctor's appointments during his lunch breaks. He admits that his supervisor did not want to know about his medical condition. This evidence falls woefully short of shouldering a burden of demonstrating that he was regarded as having an impairment by his employer. In Bennett v. Calabrian Chemicals, this Court held that an employer having granted the employee's request for twenty-six weeks of short term disability leave did not demonstrate by itself that the employer regarded the employee as disabled. 126 F. App'x. 171, 2005 WL 643278, *1 (5th Cir. 2005) (unpublished); see also Cody v. Cigna Healthcare of St. Louis, 139 F.3d 595, 599 (8th Cir. 1998) (holding that plaintiff had not shown that her employer regarded her as disabled simply because the employer granted her paid medical leave and required her to see a psychologist before returning to work). In light of Tabatchnik's failure to demonstrate that Continental treated him as having a substantially limiting impairment, the district court properly granted summary judgment in favor of Continental on this discrimination claim.


C.   Retaliation


4

Tabatchnik next contends that the district court erred in granting summary judgment with respect to his claim of retaliation under the ADA. To demonstrate unlawful retaliation, a plaintiff must make a prima facie case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action. Seaman v. CSPH, 179 F.3d 297, 301 (5th Cir. 1999). If the plaintiff establishes a prima facie case, the defendant must come forward with a legitimate, non-discriminatory reason for the adverse employment action. Id. If such a reason is provided, the plaintiff must submit sufficient evidence that the proffered reason is a pretext for retaliation. Id. The employee must show that but for the protected activity, the adverse employment action would not have occurred. Id. Further, "in order to prosecute an ADA retaliation claim, plaintiff need not show that she suffers from an actual disability. Instead, a reasonable, good faith belief that the statute has been violated suffices." Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1264 (10th Cir. 2001).[1]

With respect to the first element, Tabatchnik alleges that his request for flex time during his lunch breaks to attend medical appointments constituted a request for an accommodation under the ADA. Thus, he asserts that he has shown that he engaged in a protected activity. It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity. E.g., Jones v. U.P.S., 502 F.3d 1176, 1194 (10th Cir.

---

[1] In contrast to an ADA discrimination claim, a plaintiff bringing an ADA retaliation claim need not demonstrate that he has a disability. Krouse v. Am. Sterilizer, 126 F.3d 494, 502 (3d Cir. 1997). "By its own terms, the ADA retaliation provision protects 'any individual' who has opposed any act or practice made unlawful by the ADA or who has made a charge under the ADA." Id. (quoting 42 U.S.C. § 12203(a)). Therefore, Tabatchnik's failure to prove his disability does not preclude him from attempting to establish a retaliation claim.

2007). The ADA requires "making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A) (emphasis added). As previously determined, Tabatchnik does not even argue that he believed he had a disability. His argument was that Continental regarded him as having a disability. Indeed, when questioned during his deposition whether his anxiety disorder limited his ability to "do something at work," Tabatchnik responded "I don't think so." Because Tabatchnik has not shown that he had a good faith belief that he was disabled or perceived as disabled, his request for an accommodation cannot be considered protected by the ADA. See Standard v. A.B.E.L. Servs., 161 F.3d 1318, 1328-29 (11th Cir. 1998) (holding that employee's requests for accommodation did not constitute protected activity because the evidence did not demonstrate that he had a reasonable, good faith belief that he was disabled or perceived as disabled). Tabatchnik thus has failed to satisfy the first element of his prima facie case of retaliation. His retaliation claim fails.

Accordingly, the district court's judgment is AFFIRMED.