Carrol D. ROBERSON,
Plaintiff–Appellant

v.

McDONALD TRANSIT ASSOCIATES, INCORPORATED, Defendant–Appellee.

No. 13–60856
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 20, 2014.

Carrol D. Roberson, Oxford, MS, pro se.

Nicholas Elias Bragorgos, Esq., Andrew Jacob Droke, McNabb, Bragorgos & Burgess, P.L.L.C., Memphis, TN, for Defendant–Appellee.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Carrol D. Roberson ("Roberson") appeals the district court's denial of his motion to strike and its grant of summary judgment in favor of McDonald Transit Associates, Inc. ("McDonald Transit"). We AFFIRM.

## I. Background

Roberson attended classes at the University of Mississippi (the "University") through the University's senior scholarship program. During the course of his enrollment, Roberson used Oxford University Transit buses ("OUT buses"), which were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

operated by McDonald Transit. McDonald Transit is managed by Ron Biggs ("Biggs"), a police officer. Over time, Roberson filed several written complaints with McDonald Transit, the University, and with city officials, after allegedly observing inadequate bus maintenance and OUT bus drivers committing traffic violations. Roberson claims that, as a result, McDonald Transit "set out to destroy ... Roberson through whatever means available," including "spread[ing] false and damaging rumors" about him and harassing and intimidating him "to force [him] to discontinue riding" the OUT buses. According to Roberson, OUT bus drivers began skipping bus stops at which he was waiting alone, closing the bus door on him, and accelerating before he safely sat down. Roberson further claims that sometime thereafter Jerry Pegues ("Pegues"), who he alleges is a bus driver assistant, struck him several times on his knee, while Roberson rode an OUT bus. Roberson asserts that, as a result, he suffered serious injuries to his back and knee, as well as mental anguish.

Roberson filed this action *pro se*, asserting claims for negligence, defamation, invasion of privacy, intentional infliction of emotional distress, and the deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. After McDonald Transit moved for summary judgment, Roberson moved to extend the deadline for the completion of discovery. The district court granted Roberson's motion and deferred ruling on McDonald Transit's motion. After discovery was complete, the district court granted Roberson's subsequent request for oral argument on McDonald Transit's motion for summary judgment. Roberson subsequently moved to strike

certain evidence offered by McDonald Transit in support of its motion for summary judgment, and moved for an evidentiary hearing. After hearing oral argument, the district court granted the motion for summary judgment and denied Roberson's motions to strike and for an evidentiary hearing. Roberson timely appealed.[1]

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir.2012). Summary judgment is proper when the movant has demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In our review, we must "construe all facts and inferences in the light most favorable" to the non-movant. *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir.2005). However, "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir.2010) (citation omitted). We have "no duty to search the record for material fact issues." *Id.* (citation omitted). Instead, "the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.* (citation omitted). We may affirm summary judgment on any ground support by the record, even one different from that relied on by the district court. *See Reed*, 701 F.3d at 438.

We review a district court's rulings on evidentiary objections and on a motion to

---

1. On appeal, Roberson does not address his claims of negligence, defamation, invasion of privacy, or intentional infliction of emotional distress, and has therefore waived any appeal of these claims. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir.2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

strike for abuse of discretion. *See Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 178 (5th Cir.2007); *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 423 (5th Cir.2006).

### III. Discussion

▪ First, Roberson argues that the district court abused its discretion in denying his motion to strike certain evidence offered by McDonald Transit in support of its summary judgment motion. Specifically, Roberson moved to strike his deposition testimony, in which Roberson admitted that he had no proof that Pegues was an employee of McDonald Transit. On appeal, Roberson offers no argument or legal authority in support of his claim that the district court abused its discretion in denying the motion to strike. Although we "liberally construe the briefs of *pro se* appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993) (quotations and citation omitted). We conclude that Roberson has waived this issue on appeal by failing to adequately brief it. *See Procter & Gamble Co. v. Amway Corp.,* 376 F.3d 496, 499 n. 1 (5th Cir.2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").

▪ Second, Roberson argues that the district court abused its discretion in failing to strike other evidence offered by McDonald Transit in support of its summary judgment motion to which Roberson orally objected before the district court.[2] At oral argument, Roberson objected to the district court's consideration of Biggs's affidavit, in which Biggs stated, among other things, that he was the general manager of McDonald Transit and that Pegues has never been an employee, agent or servant in any capacity of McDonald Transit.

On appeal, Roberson maintains that the district court should not have considered Biggs's affidavit, because it is impermissible for Biggs to serve both as a police officer and as the general manager of McDonald Transit under § 1983.[3] However, Roberson cites no legal authority for this proposition other than the federal statute, which does not address this question. *See* 42 U.S.C. § 1983. Construing Roberson's pleadings liberally, it appears that Roberson objects to Biggs's affidavit because Biggs has a financial interest in the outcome of this action. A person's self-interest, however, does not render his affidavit incompetent as evidence. *See EEOC v. WC & M Enters., Inc.,* 496 F.3d 393, 398 (5th Cir.2007). We therefore conclude that the district court's consideration of Biggs's affidavit did not constitute an abuse of discretion.

Third, Roberson asserts that the district court erred in granting summary judgment in favor of McDonald Transit on his § 1983 claim.[4] To establish § 1983 liabili-

---

**2.** The district court did not address Roberson's objection in its order and memorandum opinion granting summary judgment in favor of McDonald Transit. Even if the district court should have addressed Roberson's objection, we conclude, for the reasons discussed herein, that any resulting error in failing to address the objection was harmless. *See* 28 U.S.C. § 2111.

**3.** At oral argument in the district court, Roberson also contended that Biggs's decision to

serve as both a police officer and as general manager of McDonald Transit violated Mississippi law. *See* Miss.Code Ann. § 25–4–105. We need not address the merits of this argument, because Roberson does not raise this issue on appeal and has therefore waived it. *See Thibodeaux,* 211 F.3d at 912.

**4.** Roberson also complains that the district court failed to afford him the considerations owed to a *pro se* party, but fails to cite any specific examples. In fact, the record reflects

ty, Roberson must show "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *See Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir.2004).

■■■ In his complaint, Roberson asserts that McDonald Transit deprived him of certain constitutional rights under the First and Fourteenth Amendments. Specifically, Roberson maintains that McDonald Transit deprived him of both his right to ride the OUT buses and some other unspecified right related to the alleged viewing by several individuals of McDonald Transit's surveillance video recording of Roberson's encounter with Pegues. Roberson cites to no legal authority to establish that a right secured by federal law was at stake here, and we have found none. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations ... arising out of tort law." *Id.* (quotation marks omitted). In addition, Roberson admitted at his deposition that he had never been denied access to riding the OUT buses and, in fact, had been able to ride the OUT buses whenever he needed. Moreover, he has offered no evidence in support of his claim that unnamed individuals viewed the surveillance video footage at issue. Therefore, Roberson has failed to establish a

genuine issue of material fact with respect to whether he was deprived of a right secured by federal law, a required element of a § 1983 claim.[5]

AFFIRMED.

---

the district court's repeated efforts to afford Roberson opportunities to avoid summary judgment. The district court granted Roberson's motion to extend the discovery deadlines and his request for oral argument. We agree with the district court that Roberson has failed to demonstrate a genuine issue of material fact in this action, even under the less stringent standards afforded *pro se* parties. "Although we liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* parties must still make arguments capable of withstanding summary judgment. *See*

*Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995) (italics added).

5. Roberson also claims that the district court's grant of summary judgment violated his Seventh Amendment right to a jury trial. However, "[a] grant of summary judgment does not violate the Seventh Amendment right to a jury trial. This right exists only with respect to disputed issues of fact." *Harris v. Interstate Brands Corp.,* 348 F.3d 761, 762 (8th Cir.2003) (citation omitted); *see also Barrett v. Indep. Order of Foresters,* 625 F.2d 73, 75 (5th Cir.1980).