# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2017

Lyle W. Cayce
Clerk

DANIEL KELLEY,

Plaintiff-Appellant

v.

J. BUSCHER, sued in his Individual and Official capacities; INVESTIGATOR ALEXANDER; LIEUTENANT JONES, Disciplinary Hearing Officer (D.H.O.); CORRECTIONS OFFICER WOODALL; JOHN DOE, Unit Administrator,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-82

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel Kelley initiated a 42 U.S.C. § 1983 action challenging his prison disciplinary proceedings and conviction for escape. He further challenged certain conditions occurring during his confinement in administrative segregation following the disciplinary conviction. The parties consented to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60694

proceed before a magistrate judge, who granted summary judgment dismissal of Kelley's action.

Kelley contends that the magistrate judge erred in failing to rule on his various letters and discovery motions, compare certain defense exhibits, pay attention to the facts and legal theories in his filings, address numerous claims, scrutinize the record, and take notice of genuine disputes of material facts. He identifies only two issues with specificity, namely two discovery requests, which the magistrate judge did, in fact, address. Accordingly, his claims concerning these two requests are misplaced. As to the remaining claims, Kelley's conclusory assertions constitute inadequate briefing; therefore, the claims are abandoned. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008).

Next, regarding his disciplinary proceedings and conviction, Kelley argues that his due process rights were violated. His brief challenges the adequacy of the process he received during his disciplinary proceeding but fails to identify any error in the magistrate judge's finding that he had no protected liberty interest at stake. This constitutes a failure to brief; therefore, the claim is effectively abandoned. *See Brinkman v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Wilkerson v. Goodwin*, 774 F.3d 845, 851-52, 859 (5th Cir. 2014).

Finally, Kelley challenges the magistrate judge's dismissal of his conditions-of-confinement claims. He argues that his constitutional rights were violated where, for 126 days, he was denied out-of-cell recreation; other inmates flooded his cell nearly every day with human waste and raw sewerage; and he was denied sanitizer and cleaning supplies. Additionally, Kelley argues that the defendants violated his constitutional rights where, for over 90 days,

No. 16-60694

he was denied light in his cell. For these claims, Kelley sought declaratory relief and both compensatory and punitive damages.

Kelley discusses no direct involvement of James Alexander and Simone Jones in his conditions-of-confinement claims. Regarding Warden Jerry Buscher, he observed during an Omnibus Hearing that Buscher's role in addressing grievance appeals gave him the authority to investigate and fix problems and that Buscher came to his unit to investigate issues related to the flooding claim. Furthermore, during the hearing, Kelley conceded that he was no longer housed on the units where the challenged conditions took place, he did not assert a significant possibility of future harm, and he conceded that he suffered no injuries related to his claims concerning out-of-cell recreation, flooding, and lack of cleaning supplies. Regarding his claim concerning the light in his cell, Kelley asserted that he sustained eye problems and must now wear glasses.

In light of the foregoing, we discern no genuine dispute of material fact prohibiting summary judgment as a matter of law in favor of Jones and Alexander. *See Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014); *Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013). Likewise, we discern no genuine dispute of material fact prohibiting summary judgment as a matter of law in favor of Buscher. *See Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017); *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007); *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003). To the extent that Kelley raised other conditions-of-confinement claims in the district court, he has abandoned them by failing to discuss them in his appellate brief. *See Mapes*, 541 F.3d at 584.

AFFIRMED.