# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

ANDREA TUCKER,

      Plaintiff - Appellant

v.

UNITECH TRAINING ACADEMY, INCORPORATED, erroneously named Unitech Training Academy; MICHELLE HAMMOTHE, Officially, erroneously referred to as Michelle Hammouche; ALANA SARRAZIN, Officially, erroneously referred to as Alana Farrazin,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-7133

Before KING, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

After her employment was terminated for alleged poor performance, Andrea Tucker sued her former employer and several of its employees. The district court entered summary judgment against Tucker on all claims. Tucker now appeals. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30066

## I.

Andrea Tucker worked as an Administrative Medical Assistant Instructor at Unitech Training Academy, Inc. ("Unitech"). When she was hired, she weighed approximately 392 pounds. Although she informed her interviewers that she was scheduled to have gastric bypass surgery, she did not inform anyone at Unitech that she was disabled or that she needed a special accommodation. Tucker had the gastric bypass surgery and returned to work shortly thereafter.

Later that year, Tucker's classroom printer ran out of ink. Tucker contends that she was told by Unitech's administration that she would have to use a printer on another floor because she could no longer get ink refills for her classroom printer. Tucker testified that, on at least two occasions, the elevator was broken so she was forced to take the stairs to the printer. Although on one occasion she complained to the campus director, Defendant Michelle Hammothe, that taking the stairs caused her physical discomfort, Tucker did not request an accommodation. Nor did Tucker inform any other Unitech administrator that she was unable to take the stairs.

Tucker alleges that she then reached out to Unitech's IT department. Through these conversations, Tucker alleges, she discovered a "computer glitch[]" that would allow students to graduate without completing certain required coursework. Tucker further alleges that at a later date, an unnamed "corporate officer" visited Tucker's classroom with Hammothe. When Tucker told the corporate officer that she did not have ink for her classroom printer, the corporate officer told Tucker that she "would have all the ink that [she] needed" and ordered Hammothe to "immediately order six packs of ink."

About a month later, Hammothe terminated Tucker's employment for "poor classroom management [and] failure to perform required tasks after multiple warnings." Tucker alleges that she was terminated because she

2

No. 19-30066

reported the misuse of funds to Unitech's corporate office. Although not expressly stated, Tucker seems to imply that Hammothe, working in concert with Defendant Alana Sarrazin, Unitech's director of education, used funds that had been appropriated for ink for other purposes.

Tucker brought suit against Unitech, Hammothe, and Sarrazin, alleging causes of action under 42 U.S.C. §§ 1983 and 1986, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Louisiana state law. Hammothe and Sarrazin moved for summary judgment. The district court granted the motion and dismissed Tucker's claims against Hammothe and Sarrazin, reasoning that Tucker failed to oppose the motion and the motion was meritorious. The district court also granted Unitech's subsequent motion for summary judgment on the merits. Tucker appeals.

## II.

We review a district court's grant of summary judgment de novo. *Griffin v. UPS*, 661 F.3d 216, 221 (5th Cir. 2011). We will affirm a district court's decision to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, we "view[] all evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in that party's favor." *Griffin*, 661 F.3d at 221.

As an initial matter, Tucker does not address on appeal the district court's dismissal of her § 1983, § 1986, Title VII discrimination, or intentional infliction of emotional distress claims. Accordingly, these claims are waived. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quoting *Knatt v. Hosp. Serv. Dist. No. 1*, 327 F. App'x 472, 483 (5th Cir. 2009) (unpublished))); *see also* Fed. R. App. P. 28(a)(8)(A). As for

the arguments that Tucker has appropriately raised on appeal, we find that the district court properly dismissed Tucker's Title VII retaliation, ADA discrimination and retaliation, and Louisiana wrongful-termination claims.

Tucker's ADA disability-discrimination claim fails because she has not shown that she is disabled, as is required to demonstrate a prima facie case. *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th Cir. 2014). Relevant here, the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[1] 42 U.S.C. § 12102(1)(A). Even accepting that Tucker's weight was a physical impairment, she has not shown that it substantially limited a major life activity. At most, the evidence presented at summary judgment shows that Tucker's weight caused her to have to take "breathing break[s]" while climbing stairs. This is insufficient to demonstrate that Tucker is disabled. *See Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) ("[T]o be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." (alteration in original) (quoting *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009))); *see also* 29 C.F.R. § 1630.2(j). Although Tucker argues on appeal that her gastric bypass surgery "caused problems with her respiratory system and bowel," she does not point to any evidence in the record to support this allegation. In contrast, defendants presented evidence that Tucker was not disabled, including her own testimony that she was "never limited" by her weight. Thus, Tucker has not demonstrated that her obesity substantially limits a major life activity, and her disability discrimination claim must fail.

---

[1] Tucker has not shown, nor does she argue, that she had a record of impairment or that she was regarded as having an impairment that substantially limits a major life activity. *See* § 12102(1)(B), (C).

No. 19-30066

Tucker's Title VII and ADA retaliation claims are also without merit. To establish a prima facie case of retaliation under Title VII or the ADA, Tucker must show "(1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La., Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). Tucker argues that she engaged in a protected activity when she complained about the lack of ink in her classroom printer and when she reported the misuse of funds. She also suggests that she was fired for uncovering a "computer glitch[]." These actions are not protected activities under Title VII. *See* 42 U.S.C. § 2000e-3(a) (prohibiting retaliation for opposing "any practice made an unlawful employment practice by this subchapter" or for participating in proceedings "under this subchapter"); *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 428 (5th Cir. 2017) (describing "protected activity" as "an activity protected by Title VII"). Although requesting a reasonable accommodation may constitute engaging in a protected activity under the ADA, *see, e.g.*, *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (unpublished), Tucker never made such a request.[2] Thus, Tucker's Title VII and ADA retaliation claims fail on the first prong.

Tucker also argues that the district court erred by dismissing her Louisiana wrongful-termination claim. Tucker did not have a written contract

---

[2] Tucker testified that, on one occasion, she told Hammothe that climbing the stairs to retrieve ink caused her physical discomfort. A general complaint of physical discomfort is not enough to put an employer on notice that an employee needs an accommodation. *See Griffin*, 661 F.3d at 224 ("This court has recognized that 'where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee . . . to specifically identify the disability dond resulting limitations, and to suggest the reasonable accommodations.'" (omission in original) (quoting *Chevron Phillips Chem. Co.*, 570 F.3d at 621)).

of employment, nor did she agree to a specific period of employment. Thus, under Louisiana law, her employment was terminable at will, as long as her termination did not otherwise violate federal or state law. *See Quebedeaux v. Dow Chem. Co.*, 820 So. 2d 542, 545 (La. 2002). As discussed above, Tucker has not shown that defendants violated federal or state law by terminating her employment. Therefore, Unitech did not wrongfully terminate Tucker, and the district court properly entered summary judgment in the defendants' favor.

Tucker also accuses the defendants of falsifying evidence. Her unsupported allegations are insufficient to establish a fact issue warranting the denial of summary judgment. Relatedly, her request for relief under Federal Rule of Civil Procedure 60(b)(3) for "fraud on the court" is procedurally improper because Tucker did not move for relief under Rule 60 in the district court. Finally, Tucker argues that she has been denied her Seventh Amendment right to a jury. But "[a] grant of summary judgment does not violate the Seventh Amendment right to a jury trial. This right exists only with respect to disputed issues of fact." *Roberson v. McDonald Transit Assocs., Inc.*, 574 F. App'x 323, 327 n.5 (5th Cir. 2014) (unpublished) (alteration in original) (quoting *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003)).

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.