# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2020

Lyle W. Cayce
Clerk

No. 19-20613

CHAD AUSTGEN,

      Plaintiff - Appellant

v.

ALLIED BARTON SECURITY SERVICES, L.L.C., now known as Allied Universal; UNIVERSAL PROTECTION SERVICES, L.L.C., doing business as Allied Universal (formerly known as Allied Barton Security Services, L.L.C.),

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-949

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Appellant, Chad Austgen ("Austgen"), filed suit against his former employer, Allied Barton Security Services ("Allied"), alleging discrimination in violation of the Americans With Disabilities Act ("ADA"). Austgen now appeals

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20613

the district court's order granting summary judgment to Allied and dismissing his claims. Finding no genuine issues of material fact, we affirm.

I.

Austgen was hired by Allied in January 2016 as a Licensed Security Officer at the Port of Houston. Austgen's post required him to inspect vehicles entering and exiting the port, which involved "extensive climbing in and out and under commercial vehicles." In early September 2016, Austgen reported to Allied that the daily climbing had aggravated his chronic back pain and that he was no longer "[]able to perform the duties of [his] position." In response, an Allied representative told Austgen to stay home from work. On September 14, 2016, Allied informed Austgen that he was being placed on a leave of absence (retroactively, beginning September 5) until he could provide a doctor's recommendation outlining any physical restrictions required by his medical status and his ability to return to work.

On September 26, 2016, Allied received a physician's note indicating that Austgen was released to work but that he could not perform any prolonged climbing, bending, or twisting. The following day, Allied offered Austgen the opportunity to interview for a supervisory position at a different worksite, Phillips 66, which would both accommodate his physical limitations and provide equivalent compensation. Austgen accepted Allied's proposal. He interviewed for and accepted the position and did not report any complaints or objections regarding his new position or duties at the Phillips 66 worksite.

Austgen filed the instant lawsuit on March 26, 2018, alleging disability discrimination and retaliation under the ADA. Allied moved for summary judgment, which the district court granted and issued final judgment. Austgen timely appealed.

No. 19-20613

II.

"This court reviews a district court's grant of summary judgment de novo, applying the same standards as the trial court." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). We view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* Summary judgment is appropriate where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Even if we do not agree with the reasons given by the district court to support summary judgment, we may affirm the district court's ruling on any grounds supported by the record." *Lifecare Hosps., Inc. v. Health Plus of Louisiana, Inc.*, 418 F.3d 436, 439 (5th Cir. 2005); *Griffin,* 661 F.3d at 221.

III.

In his amended complaint and response to Allied's motion for summary judgment, Austgen asserts three separate claims under the ADA: failure to accommodate, retaliation, and disability discrimination. While the district court explicitly analyzed only the failure to accommodate and retaliation claims, [1] the record supports judgment for Allied on Austgen's disability discrimination claim, as well. *Lifecare Hosps., Inc,* 418 F.3d at 439.

---

[1] Austgen did not raise this issue in his brief. In fact, Austgen identified only one error in the district court's order: that it misapplied the definition of a transitory disability. [Blue Br.21; Gray Br.3] This argument is misplaced. As discussed more fully herein, the district court's decision in no way relies on a finding that Austgen's disability was transitory. [ROA.371] Otherwise, Austgen's briefing before this court re-asserts that Allied variously violated the ADA. Such dereliction constitutes inadequate briefing and, alone, provides a sufficient ground to dismiss this appeal. *See Brinkmann v. Abner,* 813 F.2d 744, 748 (5th Cir. 1987) (refusing to address merits of a summary judgment appeal where appellant's brief was "without even the slightest identification of any error in [the district court's] legal analysis. . . is the same as if he had not appealed that judgment."); *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989) ("[I]t is not the function of the Court of Appeals to comb

No. 19-20613

A. Reasonable Accommodation

The ADA prohibits covered employees from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Under the ADA, disability discrimination includes a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). To prevail on a failure to accommodate claim, Austgen must prove (1) that he is a qualified individual with a disability; (2) that the disability and its limitations were known to the employer; and (3) that the employer failed to make reasonable accommodations for those known restrictions. *Feist v. La. Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013). The term "disability" encompasses the following: (1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

As noted by the district court, Austgen did not identify any major life activities that are substantially limited by his back pain in his amended complaint, and in his response to Allied's motion for summary judgment, he maintains only that Allied "perceived [Austgen] as disabled." An employer is not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the "regarded as" prong. *Amedee v. Shell Chem., L.P.,* 953 F.3d 831, 837 n.9 (5th Cir. 2020); *Bennett v. Calabrian*

---

the record for possible error, but rather it is counsel's responsibility to point out distinctly and specifically the precise matters complained of"); *Kelley v. Buscher*, 702 F. App'x 236, 237 (5th Cir. 2017) (finding inadequate briefing on an appeal of summary judgment order where appellant's "brief challenges the adequacy of the process he received during his disciplinary proceeding but fails to identify any error in the magistrate judge's finding").

*Chemicals Corp.*, 324 F. Supp. 2d 815, 838 (E.D. Tex. 2004), *aff'd*, 126 F. App'x 171 (5th Cir. 2005). Considering only the first element, Allied is entitled to summary judgment.

But even if Austgen could prove that he was disabled, his claim would nevertheless fail. Placing Austgen on temporary leave of only a few weeks while awaiting his doctor's recommendations on his ability to work was a reasonable accommodation. *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017) ("Time off, whether paid or unpaid, can be a reasonable accommodation") (internal quotations omitted); *Shepard v. United Parcel Serv., Inc.*, 470 F. App'x 726, 732 (11th Cir. 2012) (holding that an employer's "decision to place [an employee] on medical leave of absence. . . was a reasonable response to his medical restrictions and not an adverse employment action."). Temporary unpaid leave is not rendered unreasonable simply because it "involve[d] some cost" to Austgen. *Eversley v. MBank Dallas*, 843 F.2d 172, 176 (5th Cir. 1988). And, soon after, Austgen was offered a supervisory position that accommodated his limitations and came with no reduction in compensation. *Bruff v. N. Mississippi Health Servs., Inc.*, 244 F.3d 495, 502 n.23 (5th Cir. 2001).

That Austgen initially requested to be transferred to another post at the Port of Houston[2] and did not request time off does not change our analysis. "The ADA provides a right to reasonable accommodation, not to the employee's preferred accommodation." *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir. 2009). Therefore, even assuming that Austgen incurred some financial

---

[2] Austgen has also failed to rebut Allied's retort that his requested accommodation was not reasonable because each Security Officer at the Port of Houston was required to be available to work at any post if the need arose. *Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 315 (5th Cir.2007) ("The plaintiff bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform.").

loss by being put on unrequested leave, there is no dispute that Allied reasonably accommodated Austgen's alleged disability given its timely response and ultimate transfer to a comparable position. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002).

Relatedly, Austgen also complains that Allied failed to engage in the interactive process required by the ADA. "[T]he regulation's direction to the parties to engage in an interactive process is not an end in itself—it is a means to the end of forging reasonable accommodations." *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999). "[W]hen an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA." *Id.* Thus, Austgen's claim, in this regard, is not actionable for the same reason his reasonable accommodation claim fails: Allied provided a reasonable accommodation by offering Austgen a comparable position that he could perform with his disability.[3]

## B. Retaliation

To establish a prima facie case of retaliation under the ADA, Austgen must show that (1) he participated in an activity protected under the statute; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). We will assume that the first element was satisfied by Austgen's request that he be switched to another post. *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676

---

[3] Austgen's argument fails for an additional reason. He complains that Allied failed to effectively communicate for nine days while he was placed on unpaid leave. However, "[n]othing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process and preempt any possible concerns." *Id.* at 737. And, "undue delay is only an ADA violation to the extent it renders an accommodation (if any) unreasonable." *Schilling v. La. DOT & Dev.*, 662 F. App'x 243, 247 (5th Cir. 2016).

No. 19-20613

(5th Cir. 2008) ("It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity.").

As to the second element, whether there was an adverse employment action, we must determine if being placed on temporary unpaid leave constitutes an action so harmful that it could dissuade a reasonable worker from participating in protected activity under the ADA. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). We agree with the district court that it does not. While it is true that unpaid medical leave can constitute an adverse action, s*ee id.* at 72—73, such is not the case here, where the unpaid leave was a temporary measure to accommodate Austgen's self-reported injury until Allied could determine—with the advice of Austgen's doctor—a more permanent accommodation. *Clark v. Charter Commc'ns, L.L.C.,* 775 F. App'x 764, 767 (5th Cir. 2019) (rejecting Plaintiff's argument that she suffered an adverse action because "she was forced to take unpaid leave during which she lost insurance benefits and access to health care.") (internal quotations and alterations omitted); *compare with Burlington,* 548 U.S. at 73 ("[A]n *indefinite* suspension without pay could well act as a deterrent") (emphasis added). Because we have found that temporary unpaid leave was a reasonable accommodation in this instance, there is no dispute that it does not constitute an adverse action. Allied is entitled to summary judgment on Austgen's retaliation claim, as well.

## C. Disability Discrimination

For this same reason, Austgen's disability discrimination claim also fails. To make out a prima facie case of disability discrimination, Austgen must prove that (1) he is a qualified individual; (2) that he has a disability; and (3) that he suffered a negative employment action because of the disability.

*Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). Austgen's burden in proving that he suffered a cognizable injury is more onerous here because in the context of a discrimination claim, only "ultimate employment decisions" are actionable. *McCoy*, 492 F.3d at 560; *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 804 (5th Cir. 2018) ("The definition of an adverse employment action in the retaliation context is broader than in the discrimination context."). Accordingly, because unpaid leave does not constitute an adverse action in the retaliation context, it would also fail to satisfy that burden for a discrimination claim. Any error committed by the district court in not discussing Austgen's discrimination claim was, therefore, harmless because his claim lacks merit.

## IV.

In light of the foregoing, we find no genuine issues of material fact and that as a matter of law, Allied is entitled to judgment on all Austgen's claims. We AFFIRM the district court's entry of judgment in Allied's favor.