# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10121

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

THOMAS THOMPSON, doing business as Thompson Wrecker Service,

>    Plaintiff - Appellant

v.

TERRY MORGAN, as Sheriff of Garza County, Texas; GARZA COUNTY, TEXAS,

>    Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No: 5:16-CV-112

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Thomas Thompson sued Garza County, Texas, and Sheriff Terry Morgan in his official capacity under 42 U.S.C. § 1983 for violating Thompson's equal protection and due process rights. The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, which the district court granted. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10121

## FACTS AND PROCEDURAL HISTORY

Since the early 2000s, Thompson operated a wrecker service that was a part of the county tow rotation for Garza County, Texas. He responded to towing and service calls for many years until the Sheriff of Garza County, Terry Morgan, removed Thompson from the tow-rotation list. Thereafter, Lubbock Wrecker Service received all of the county tow business. On June 15, 2016, Thompson filed a complaint under Section 1983, alleging that the defendants violated his due process and equal protection rights under the Fourteenth Amendment. The defendants filed a motion to dismiss on October 20th. Thompson responded and filed an amended complaint on November 10th.

The defendants then filed an unopposed motion for leave to file a reply brief to address why the amended complaint did not moot their initial motion to dismiss. In the brief, the defendants argued that the motion to dismiss should be granted as the amended complaint still failed to adequately state a claim. On December 9th, the district court issued an order that (1) granted the defendants' motion to file a reply brief; (2) dismissed with prejudice Thompson's official capacity claim against Sheriff Morgan; (3) granted the defendants' motion to dismiss under Rule 12(b)(6) without prejudice; and (4) gave Thompson 14 days to further amend his pleading. Thompson did not replead, and the district court issued its final judgment dismissing the case on December 30th. Thompson timely appealed.[1]

---

[1] In his appeal, Thompson challenges only the dismissal of his equal protection claim. Any issue not briefed on appeal is waived. *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000). Thus, Thompson has waived any argument concerning the district court's dismissal of his due process claim.

No. 17-10121

DISCUSSION

We review *de novo* "a district court's order on a 12(b)(6) motion to dismiss for failure to state a claim." *Hunter v. Berkshire Hathaway, Inc.*, 829 F.3d 357, 361 (5th Cir. 2016). In reviewing such a motion, we accept the facts alleged as true and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). What is needed is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

To state a "class of one" claim under the Equal Protection Clause, the plaintiff must allege that: (1) the defendant intentionally treated plaintiff differently from others similarly situated and (2) the defendant lacked a rational basis for the difference in treatment. *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012). The complaint must allege "'the existence of purposeful discrimination' motivating the state action" which caused the alleged injury. *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (quoting *McCleskey v. Kemp*, 481 U.S. 279, 292–93 (1987)).

Thompson's live complaint generally alleges that Lubbock Wrecker Service received more favorable treatment, but he does not make any specific factual allegations showing that Lubbock Wrecker Service is similarly situated in all material respects. Furthermore, Thompson has not made sufficient factual allegations that there was no rational basis for the difference in treatment. What Thompson does provide are conclusory allegations such as that "there was no rational justification for the distinguishing treatment." He did not make a plausible claim. AFFIRMED.

3