# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2026

Lyle W. Cayce
Clerk

No. 25-30639

Red Rover Group, L.L.C.,

*Plaintiff—Appellant*,

*versus*

City of Bossier City; Steven Pennell, *individually*; Wade Rich, *individually*; Rodney Taylor, *individually*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1694

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellant Red Rover Group, L.L.C., challenges the district court's Rule 12(b)(6) dismissal of its complaint against City of Bossier City and Steven Pennell, Wade Rich, and Rodney Taylor, in their individual capacities (the "Individual Defendants"). For the reasons below, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30639

The City cited Red Rover for multiple violations of two City noise ordinances (the "Barking Ordinances") at the behest of Red Rover's neighbor, Steven Pennell, who is the City's Deputy Chief of Operations. Red Rover alleges that the Barking Ordinances are unconstitutional and that Pennell and his "henchmen," the Individual Defendants, enforced them in an unconstitutional and unlawful manner. Before the district court, Red Rover brought various constitutional challenges, including violations of the Equal Protection Clause of the Fourteenth Amendment and vagueness challenges. Red Rover also lodged *Monell* liability claims against the City, as well as various state law claims, and requested injunctive relief against the Individual Defendants. The Individual Defendants claimed qualified immunity. Both the City and the Individual Defendants moved for dismissal under Rule 12(b)(6). The district court granted both motions, dismissing all claims against the two sets of defendants. Red Rover timely appealed. *See* FED. R. APP. P. 4(a).

On appeal, Red Rover argues that the district court erred in dismissing its claims on the pleadings because it alleged sufficient facts to pass the 12(b)(6) stage. Specifically, it argues that it properly pleaded its equal protection claim, its void-for-vagueness claim, and its *Monell* policy claim and failure to train claim as well as its requests for injunctive relief and state law claims. Red Rover's *Monell* claim for failure to intervene was abandoned due to failure to brief the issue. Red Rover conceded before the district court that its claims against the Individual Defendants and Charles Jacobs in their official capacities are redundant because they are duplicative of the claims against the City; accordingly, these claims are not before us.

We review de novo the grant of a 12(b)(6) motion to dismiss. *Hunter v. Berkshire Hathaway, Inc.*, 829 F.3d 357, 361 (5th Cir. 2016). Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). While a court must

2

accept as true all well-pleaded facts contained in a complaint, a court need not accept as true legal conclusions provided in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the district court noted, a court may grant a 12(b)(6) dismissal when it determines that an arguable question of law should be resolved against the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915A(b).

We begin with Red Rover's equal protection claim. To state a class of one equal protection claim, a plaintiff "must first show that it was treated differently from another similarly situated business." *Golden Glow Tanning Salon, Inc. v. City of Columbus*, 52 F.4th 974, 977 (5th Cir. 2022). "Similarly situated" means "in all relevant respects alike." *Texas Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021) (citation modified). Red Rover argues that Appellees discriminated against it by issuing citations for violations of the Barking Ordinances when its supposedly similarly situated comparator, an entertainment district across town, had received no such citations. The district court provided numerous reasons why the alleged comparator is not similarly situated to Red Rover, and Red Rover's argument that scrutinizing the similarity of an alleged comparator is improper at the pleading stage will not save their claim because analysis of the alleged comparator is not altogether forbidden at that point in the litigation. *Contrast Thompson v. Morgan*, 698 F. App'x 169, 170 (5th Cir. 2017) (per curiam) (affirming 12(b)(6) dismissal for failure to allege that comparator business was sufficiently similarly situated "in all material respects"), *with Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019) (finding close scrutiny of similarity inappropriate at pleading stage in discriminatory employment termination suit when similarly situated comparators were fellow university employees who were not terminated). For example, the district court indicated that Red Rover did not allege that a single complaint was reported regarding noise in the entertainment district; absent any noise

complaints, Red Rover's argument that the entertainment district had been treated differently because it received no noise violations falls flat. Because Red Rover failed to provide an appropriate comparator, it unsuccessfully pleaded its equal protection claim.

Turning to Red Rover's second constitutional claim, we find that the Barking Ordinances found in Sections 14-63(c) and 46-31(b)(4) of the City's Code of Ordinances are not impermissibly vague. The district court appropriately analyzed the text of the ordinances and found that the plain language of the statutes is such that a person of ordinary intelligence could understand its meaning. *See Roy v. City of Monroe*, 950 F.3d 245, 253 (5th Cir. 2020) (rejecting void for vagueness challenge because the law was expressed in plain language). We agree with the district court that the Barking Ordinances are similar to the noise ordinances in *Leibowitz v. City of Mineola*, in which the court rejected a void-for-vagueness challenge. 660 F. Supp. 2d 775, 778–81, 786–87 (E.D. Tex. 2009). The statute provides fair warning of what conduct is prohibited and does not show the complete absence of a standard of conduct required for a vagueness challenge to a law that does not inhibit the exercise of constitutional conduct or prescribe criminal penalties.

We next assess Red Rover's *Monell* claim that the City maintained an unconstitutional policy and failed to train its employees. While an ordinance such as the Barking Ordinances can constitute municipal policy under *Monell*, *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214-15 (5th Cir. 2019), there is no predicate constitutional violation to support a *Monell* claim; therefore, the district court did not err in dismissing this claim, s*ee Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("Every *Monell* claim requires an underlying constitutional violation." (citation modified)). Red Rover's failure to train claim fails for the same reason. *See Hicks-Fields*, 860 F.3d at 808. As for Red Rover's failure to intervene claim, we agree with the City that Red Rover inadequately briefed that issue on appeal. *Stevens v. St.*

*Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021) ("An appellant abandons all issues not raised and argued in its initial brief on appeal." (citation modified)).  Regardless, that claim likewise would fail due to the absence of an underlying constitutional violation. *See Hicks-Fields*, 860 F.3d at 808.

Similarly, we find that the district court did not err in granting qualified immunity to the Individual Defendants because there is no predicate constitutional violation. *See Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004) (noting that qualified immunity applies absent an underlying constitutional violation).

Red Rover's requests for injunctive relief, likewise, were properly dismissed because none of its underlying claims were successful. *Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 565 n.9 (5th Cir. 2017) (recognizing that injunctive relief request "must be supported by some underlying cause of action").

Finally, Red Rover concedes that its state law claims rise and fall with its constitutional claims.  Because we find no constitutional violations, we agree with the district court's dismissal of Red Rover's state law claims.

For the foregoing reasons, we AFFIRM the district court's dismissal of all claims.